## ESTATE OF SAMUEL MACHEMER, DECEASED.

APPEAL BY J. W. SMITH, EXR., FROM THE ORPHANS' COURT OF SCHUYLKILL COUNTY.

Argued February 16, 1891—Decided March 9, 1891.

(a) A testator bequeathed all his estate to his wife, for her use as long as she remained his widow. If she should marry again, she was to have "only what the law allows her." If she should desire the land to be sold, his executor was to sell it, the proceeds to be invested for her use for life or as long as she remained his widow.

(b) The remainder, after the widow's death, was bequeathed to charities. These bequests lapsed, however, by reason of the testator's death within thirty days after the execution of his will. Accepting under the will, the widow afterwards re-married and died the widow of another, leaving a will duly admitted to probate:

1. In such case, the direction to sell being contingent, the will did not create an equitable conversion, so as to entitle the executor of the widow to the proceeds of the land sold by the testator's executor, in pursuance of the request of the widow made in her lifetime.

2. Moreover, the widow having re-married and died without having made claim to the exemption provided by § 5, act of April 14, 1851, P. L. 613, her executor was not entitled to make claim therefor: the right under the statute is a privilege to retain, not an absolute transfer of a part of the estate.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 69 July Term 1890, Sup. Ct.; court below, number and term not given.

On November 19, 1888, W. H. Livingood, administrator c. t. a. of the estate of Samuel Machemer, deceased, filed his account showing a balance for distribution of $372.90, being the proceeds of real estate sold. Exceptions to the account having been filed, *Mr. B. H. O'Hare* was appointed auditor to hear and determine the same and to report distribution.

The auditor on October 14, 1889, filed a report wherein he found in substance as follows : Samuel Machemer died on July 16, 1860, testate, leaving to survive him a widow, Elizabeth, who died in 1887. The will of the testator, executed two days before his death, sufficiently appears in the opinion of the court below. Joseph Woomer, named as executor therein, declined to act, and letters of administration with the will annexed were granted to W. H. Livingood on February 14, 1887. On February 15, 1887, Elizabeth Moyer, formerly the widow of said Samuel Machemer, deceased, executed a writing under seal, setting forth that said Samuel Machemer had died seised of a certain tract of land in Wayne township, containing twenty-nine acres, more or less, and had provided by his will that " in case my wife desires the land shall be sold, my executor may sell the same ; " expressing her desire that the said land should be sold, and requesting said W. H. Livingood, administrator, etc., to sell it " under and by virtue of the provisions of the will aforesaid." The auditor further found that Elizabeth, the widow of Samuel Machemer deceased, accepted the provisions made for her in her said husband's will; that subsequently she married one Moyer, and at her death left a will, dated July 31, 1883, in which she devised and bequeathed all her estate, real and personal, to John W. Smith, and appointed him the executor of her will.

By certain surcharges, the auditor increased the fund to be accounted for to $469.13 ; and, after allowing certain costs payable out of it, found the net fund for distribution to be $358.08. The whole of this fund was claimed by John W. Smith, executor and legatee of Elizabeth Moyer, deceased, on the ground that the will of Samuel Machemer worked a conversion of the real estate devised therein. The auditor, citing, Bleight v. M. & M. Bank, 10 Pa. 131; Nagle's App., 13 Pa. 260 ; Anewalt's App., 42 Pa. 414; Swift's App., 87 Pa. 502, and Ranninger's Est., 8 Cent. R. 838, was of the opinion that

Opinion of Court below.

the sale made in pursuance of the will did not work a conversion of the land, and that the fund for distribution, being the proceeds of the real estate, was to be distributed as such to the heirs at law, the bequests to the charities having lapsed.

Exceptions to the auditor's report, filed by John W. Smith, executor of Elizabeth Moyer, deceased, having been argued, the court, PERSHING, P. J., on April 21, 1890, filed the following opinion:

Samuel Machemer, deceased, made his last will on July 14, 1860, and died two days thereafter. The will was duly probated on July 20, 1860. Joseph Woomer, the executor named therein, declined to accept the trust. The clause of the will material to the question now before us is as follows:

" Second, it is my will and I hereby bequeath unto my beloved wife Elizabeth, all the rest of my estate after the payment of my funeral expenses and other claims, both real and personal, for her use, support, and occupation and possession as long as she remains my widow or keeps my name. In case she should marry again, she shall have only what the law allows her. In case my wife desires the land shall be sold, my executor may sell the same, and the money received therefor shall be put on interest for her support during her lifetime, or as long as she may remain my widow, and the remainder after death I bequeath one hundred dollars to the Evangelical congregation at John Reed's, in Wayne township, and the remainder to the Evangelical Mission Society of Pennsylvania."

The testator having died within thirty days after making his will these bequests lapsed. The widow accepted the provision made for her by the will. Sometime thereafter she ceased to be the widow of Samuel Machemer, by her inter-marriage with a man named Moyer. Subsequently, viz., on February 14, 1887, letters of administration, c. t. a., upon the estate of Samuel Machemer, deceased, were granted to W. H. Livingood, Esq., of Reading, Pa. In pursuance of a request made to him by Mrs. Moyer, the former widow of Samuel Machemer, deceased, the administrator, c. t. a., on March 12, 1887, sold a tract of land of which Machemer died seised, to Milton H. Heffner for $947. It was decided in Livingood v. Heffner, 11 Cent. R. 677 ; s. c. 21 W. N. 148, that this sale conferred a good title on the purchaser under Samuel Machemer's will.

Opinion of Court below.

The date of Elizabeth Moyer's death does not appear. By her will she bequeathed and devised all her property, both real and personal, to her "adopted son and friend, John W. Smith," and also named him as the executor of her will.

The administrator c. t. a. having filed his account, it was excepted to. The controversy in hand grows out of the report of the auditor appointed to hear and pass upon the exceptions, and to make distribution. The only exceptant to the findings of the auditor is John W. Smith, above named. The fourth exception is in these words:

" The auditor erred, in that he concludes that the corpus of the estate was not converted into personalty, when, in fact, the will of the decedent operated as a conversion, and the widow becomes the owner absolutely of the entire estate to the exclusion of the heirs."

To establish a conversion, the will must direct it absolutely, or out and out, irrespective of all contingencies. The direction to convert must be positive and explicit; and the will, if it be by will, or the deed, if it be by contract, must decisively fix upon the land the quality of money. The direction to sell must be imperative: Anewalt's App., 42 Pa. 416; Swift's App., 87 Pa. 502; Peterson's App., 88 Pa. 397; Jones v. Caldwell, 97 Pa. 42; Hammond v. Putnam, 110 Mass. 235. A naked or merely discretionary power to sell, unless, perhaps, coupled with an interest, does not effect a conversion: Bleight v. M. & M. Bank, 10 Pa. 131; Chew v. Nicklin, 45 Pa. 84; Dundas' App., 64 Pa. 325.

The Supreme Court, in Livingood v. Heffner, referring to Samuel Machemer's will, said: "It may be that there was no technical conversion of the realty into personalty; this we are not called upon to decide. The question here is one of title, not of distribution. Whether there was or was not a conversion, it is unnecessary to say," etc. The court held, however, that by the will "the real, as well as the personal estate was for the use and support of his widow, and was to be occupied and possessed by her during her widowhood. If at any time during that period, however, she should signify her desire to have the land sold, the testator intended that the executor should comply with her request, and thereafter pay to her the interest of the proceeds." This negatives the proposition that

Opinion of Court below.

the effect of the sale was to make Mrs. Moyer the absolute owner of the proceeds. Conversion or no conversion, it is incredible that Samuel Machemer ever intended or contemplated that the woman for whom he was making provision as long as she remained his widow, should after her re-marriage have the power through her will to hand over the whole of his remaining estate to a stranger to his blood, to the exclusion of his own children. We have yet to be convinced that anything contained in his will would work such a result.

The fifth exception in substance is: If the will does not create a conversion by reason of the re-marriage of the widow, then the auditor erred in not allowing the widow her $300, under the act of April 14, 1851.

The case of Kerns's App., 120 Pa. 523, is a complete answer to this exception. It reviews the former decisions on this subject and discusses it at length. It was there held that a delay of over three years on the part of a widow, in exercising her right to take $300 in money or property of her deceased husband's estate under the exemption law of 1851, is fatal to the right and conclusive evidence of a waiver. Her right to have any exempted property depends entirely upon her claiming it. If she does not claim it, she never has it. If she neglects unduly to make her claim, she loses her right to do so. The right under the statute is a privilege to retain, and not an absolute transfer of part of the estate. There is no evidence before us to show that Elizabeth Machemer ever made any claim for the benefit of the widow's exemption act while the widow of Samuel Machemer or afterwards. On the contrary, she accepted the provisions of the will, and this would estop her from afterwards asserting a claim to any portion of her husband's estate outside of what it provided for her: Bradfords v. Kents, 43 Pa. 474; Cox v. Rogers, 77 Pa. 160.

It was further decided in Kerns's Appeal, that a widow is deprived of the right to the exemption if she re-marries before making the demand. The court says: "What she takes, she takes in her character as widow, and this being so, she ought to fulfil the condition of the statute when she does make her claim. That is, she ought to be, at that time, the person who is qualified by law to exercise the right, to wit: the 'widow' of decedent. She is not his widow if she is then

the wife of another man, and this was held in Commonwealth
v. Powell, 51 Pa. 438."

The other exceptions were not argued.

And now, April 21, 1890, the exceptions are overruled, and
the report of the auditor is confirmed. Exception.

—Thereupon, the exceptant took this appeal, assigning the
dismissal of his exceptions and the confirmation of the audi-
tor's report, for error.

*Mr. Wm. H. Livingood* (with him *Mr. Wm. D. Seltzer*), for
the appellant.

That there was an equitable conversion and the widow was
therefore entitled to the whole of the fund, counsel cited:
Livingood v. Heffner, 21 W. N. 148; s. c. 11 Cent. R. 677;
Follweiler's App., 102 Pa. 581; Gray v. Henderson, 71 Pa.
368; Phelps v. Pond, 23 N. Y. 69; Burr v. Sim, 1 Wh. 252,
262; Hunt's App., 105 Pa. 128; Jones v. Caldwell, 97 Pa. 42;
Roland v. Miller, 100 Pa. 47; Lindley's App., 102 Pa. 235;
Evans's App., 63 Pa. 183; Davis's App., 83 Pa. 354. That,
the gift being of personalty and the bequests over having
failed, the condition in restraint of marriage was merely in
terrorem and void, and the widow took at least an absolute
estate in one half the fund, and $300 of the other half under
the exemption law: Stineman's App., 34 Pa. 394; Common-
wealth v. Powell, 51 Pa. 438; Speakman's App., 71 Pa. 25.

*Mr. W. F. Shepherd,* for the appellees, was not heard.

That, to operate as a conversion, the direction to sell must
be unconditional and imperative, the brief filed cited: Ane-
walt's App., 42 Pa. 416; Swift's App., 87 Pa. 502; Peterson's
App., 88 Pa. 397; Jones v. Caldwell, 97 Pa. 42. As to the
right to the exemption: Burk v. Gleason, 46 Pa. 297.

PER CURIAM.

The decree is affirmed upon the opinion of the learned pres-
ident of the Orphans' Court, and the appeal dismissed at the
costs of the appellants.

Decree affirmed.