## Tanner's Estate.

*Guardian and ward—Sale by guardian—Setting aside sale—Purchase by guardian.*

The fact that a sale of a minor's interest in land is made by the guardian for the purpose of securing for himself and others the title thereto, is sufficient ground for setting aside the sale without proof of actual fraud or inadequacy of price. That the intent was honest and a full consideration was paid does not prevent the application of the rule that a person assuming a fiduciary relation towards another in regard to property is disabled from using his power for his private benefit and that he cannot directly or indirectly become a purchaser at his own sale.

Argued May 7, 1907. Appeal, No. 117, Jan. T., 1907, by Bryant E. Sherman et al., from decree of O. C. McKean Co., Oct. T., 1905, No. 12, setting aside guardian's sale in Estate of Stella A. Curtis Tanner, Minor. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Petition to set aside sale.

BOUTON, P. J., filed the following opinion:
From the record it appears that Wallace E. Curtis died at

Bradford in this county, on August 22, 1888, intestate, leaving a widow, Dillie Curtis, since intermarried with Jacob 'Dollmetsch, and a daughter, Stella A. Curtis, all of whom reside in this county.

That on or about August 27, 1888, letters of administration were issued to the said Dillie Curtis, and that on November 9, 1903, Bryant E. Sherman was appointed guardian of said minor daughter, Stella A. Curtis.

That the said Wallace E. Curtis was, prior to his decease, seized and possessed of a certain tract of land situated in this county, known as the Mantz farm, containing 130 acres and ninety-three perches.

That the right to take the petroleum, rock oil and gas in, underlying or appurtenant to the said land was reserved by the grantors of the said Wallace E. Curtis for the term of twenty years from August 26, 1885, there being at that time upon the said land nineteen wells producing oil.

It further appears that by sundry conveyances the said Bryant E. Sherman, Charles F. Schwab and D. E. Haffey became the owners of the said wells and oil rights so reserved, and were in possession and operating the same at the time the petition for sale was presented in this case.

It further appears from the petition that the said minor, Stella A. Curtis, would become the owner of the said oil right so reserved by the grantor of Wallace E. Curtis on August 26, 1905, subject to the dower right of her mother.

On December 14, 1903, the said Bryant E. Sherman, guardian, presented his petition to this court praying for an order authorizing private sale to Charles F. Schwab of the interest of his said ward, Stella A. Curtis, in and to the petroleum or rock oil and gas in the said tract of land, for the sum of $1,666.67. And on the same day the court authorized said private sale, the purchase price to be paid in cash; following this order deed was made and executed by the guardian to the said Charles F. Schwab, purchaser; which deed was duly acknowledged and delivered to the said Charles F. Schwab.

On September 14, 1904, the said Stella A. Curtis, then intermarried with Edward Tanner, by her next friend the said Edward Tanner, presented her petition to this court, praying that the sale to Charles F. Schwab be set aside and the decree

of confirmation be revoked, and for a decree directing a reconveyance of the said oil right and restitution of the purchase money.

Upon this petition rule to show cause was granted, to which rule the said Bryant E. Sherman, Charles F. Schwab and D. E. Haffey each filed separate answers. The petition avers that the sale was made and consummated under an arrangement between the said D. E. Haffey, Charles F. Schwab and Bryant E. Sherman, in which it was agreed that a sale thereof should be made for the sole purpose of obtaining a title to said oil right in the said Charles F. Schwab, and that he should thereafter make a transfer of the portion of the same to the said D. E. Haffey and Bryant E. Sherman according to the respective interests in said land; and that said agreement had been consummated and carried out and said parties are now the owners thereof and in possession of the same. These allegations are not denied by the respondents, Bryant E. Sherman, Charles F. Schwab and D. E. Haffey, or either of them.

From the evidence it appears that the said Stella A. Curtis was nineteen years of age on the nineteenth day of March, 1906, that the rights to the oil and gas which were owned by Sherman, Schwab and Haffey were about to expire, and they being desirous of continuing the operations for oil and gas and of becoming the owners thereof, talked the matter over with the widow in the office of attorney Burdick, and it was there understood and arranged that Bryant E. Sherman was to be appointed guardian, was to make the application to the court to sell the interest of his ward to Charles F. Schwab, that Schwab was to become the purchaser not for himself alone, but for the joint interest of himself, Bryant E. Sherman and D. E. Haffey. And was to convey to Sherman and Haffey an interest in the same corresponding in quantity to the interest which they held prior to the sale.

This brings us to the consideration of the question as to the rights of the ward to avoid the sale. Counsel for the respondents take the position that the sale having been finally consummated, deed executed, acknowledged and delivered, that it is too late for the ward to disaffirm the sale. With this contention we cannot agree. In our opinion she has the right at any time before arriving at the age of twenty-one years and

within a reasonable time thereafter to disaffirm and avoid the sale. If the rule were otherwise the rights of minors in real estate would have no protection, and their lands might be frittered away by an unscrupulous guardian without their knowledge, and they be left without a remedy.

The petition for the sale of the land is entirely silent as to the purpose of the purchaser to convey an interest to the guardian and to D. E. Haffey under a previous arrangement so to do, and no information of this intent was given to the court. True it is that the answers of the respondents deny any fraud in the transaction or any inadequacy of price, and it may be that the price paid was all the interest of the minor was reasonably worth. Be that as it may, the fact that the guardian without leave of court made the sale with the understanding that he was to have an interest in the property reconveyed to him puts him in the same position as a guardian purchasing at his own sale, and amounts to a fraud in law and gives the ward the right to avoid the sale at her election. As we understand the law, where a trustee purchases at his own sale the interest of his cestui que trust the sale is avoidable at the election of the cestui que trust without proof of actual fraud. The rule that a party will not be elected to purchase and hold property for his own use and benefit to which he stands in a fiduciary relation, if contested by the cestui que trust is inflexible, and without regard to the consideration paid or the honesty of the intent: Chorpenning's Appeal, 32 Pa. 315; Beeson v. Beeson, 9 Pa. 279.

No person acting in a fiduciary character can purchase at his own sale, directly or indirectly, or acquire by purchase any interest in the trust estate, without the consent of the beneficiary or others interested therein, or of the court having jurisdiction of the trust: Brittain's Estate, 28 Pa. Superior Ct. 144. See also Shuman's Appeal, 27 Pa. 64; Hannum's Appeal, 2 Penny. 103.

Or unless if selling under a power, he is by its terms permitted to purchase: Brittain's Estate, supra.

Under the facts in this case the sale must be set aside.

And now, to wit: November 24, 1906, the sale made to Charles F. Schwab, under decree of December 14, 1903, is set aside, and the decree of the court confirming the same re-

voked without prejudice to the rights of bona fide purchasers or mortgagees without notice. .

And it is further ordered and decreed that the said Bryant E. Sherman refund to Charles F. Schwab the purchase money paid by him and that the said Bryant E. Sherman, Charles F. Schwab and D. E. Haffey pay the costs of the proceedings for the sale of the said property and the costs of these proceedings.

*Error assigned* was the decree of the court.

*R. B. Stone* and *Thomas H. Murray*, with them *W. E. Burdick*, for appellants.

*John G. Johnson*, with him *Mullin & Mullin*, for appellee.

PER CURIAM, May 20, 1907:

The fact alleged in the petition and not denied in the answer, that the sale of the minor's interest in land was made by her guardian for the purpose of securing for himself and others the title thereto, was sufficient ground for setting aside the sale without proof of actual fraud or inadequacy of price. That the intent was honest and a full consideration was paid does not prevent the application of the rule that a person assuming a fiduciary relation towards another in regard to property is disabled from using his power for his private benefit and that he cannot directly or indirectly become a purchaser at his own sale. It is a rule founded on public policy to prevent a conflict between interest and duty. It is said in the notes to Fox v. Mackreath, 1 Lead: Cases in Equity, 239: " It matters not that there was no fraud contemplated and no injury done. The rule is not intended to be remedial of actual wrong but preventive of the possibility of it; it is one of those processes, derived from the system of trusts, by which a court of chancery turns parties away from wrong, and from the power of doing wrong by making their act instantly enure in equity to the rightful purpose. The cases are uniform in declaring that it matters not how innocent and bona fide, and free from the suggestion of fault, the transaction may be."

The judgment is affirmed at the cost of the appellant.