| 38 | 277 |
|----|-----|
| 182 | 589 |

</div>

# Rhoads *versus* Gordon.

*Property held by Husband and Wife.—Presumption of Ownership in Husband.—How rebutted.*

1. Where husband and wife live together in the same house and on the same real estate, the ownership of the personal property is presumed to be in the husband and not in the wife.

2. To bring property claimed by a married woman under the protection of the Act of 1848, it is necessary that her ownership should be proved by identifying it as property which she owned before marriage, or, if purchased afterwards, that it was paid for with her separate funds.

3. In the absence of clear and satisfactory proof that property purchased by the wife after marriage was paid for out of her own funds, the presumption is that it was paid for by means furnished by her husband.

4. Bradford's Appeal, 5 Casey 513; Hallowell *v.* Horton, 11 Id. 380; Auble *v.* Mason, Id. 261, and Walker *v.* Reamy, 12 Id. 410, affirmed.

ERROR to the Common Pleas of *Delaware county.*

[Rhoads *v.* Gordon.]

This was a feigned issue under the Sheriff's Interpleader Act, wherein Jane T. Rhoads was plaintiff and James Gordon defendant.

Gordon, who was a judgment-creditor of Andrew Rhoads, the husband of Jane, sued out an execution and levied on the farm-stock and produce of a farm occupied by Rhoads and wife. Mrs. Rhoads claimed the property levied on, and the provisions of the Sheriff's Interpleader Act having been complied with and an issue properly framed, the cause was tried at June Term 1859.

The farm was part of a larger tract of land of which Issachar Edwards died seised in 1844, who left at his death two children, viz. Joseph, and Jane, the wife of Andrew Rhoads. Under proceedings in partition, the whole farm was adjudged to Joseph Edwards, who, on the 11th of May 1855, conveyed 58 acres of it, with a dwelling-house and barn, to his sister Mrs. Rhoads, for the consideration of $5820. It did not appear from the evidence that this conveyance was in settlement of the estate of Issachar Edwards, nor was there any evidence in regard to the consideration other than that mentioned in the deed, nor that Mrs. Rhoads was the owner of any money in her own right. Mrs. Rhoads managed the farm herself, as her husband was a mechanic and was frequently from home. He owned property in Philadelphia, and it was proved by one who acted as agent for both husband and wife, that he kept their accounts separate, settled with each separately, and never paid to one any of the income or proceeds of the property of the other. Nor did it appear that the husband was insolvent; on the contrary, there was proof that he was the owner of several dwelling-houses in Philadelphia, in which county the judgment held by Gordon had been originally entered.

The court, after stating the preliminary facts, charged the jury as follows:—

"Whether the property levied on by the sheriff as the property of Andrew Rhoads, is in truth and in fact the property of Jane T. Rhoads or not, this is the issue you are trying, and this is the question you will have to determine. You will see at once, that, as Andrew Rhoads and his wife Jane T. Rhoads lived together in the same house and on the same real estate, the ownership of the personal property would of course be presumed to be in the husband and not in the wife. This is not only a legitimate presumption, but it is a fair and reasonable presumption; for if a claim by the wife on the goods and effects so situated was sufficient to take them out of the hands of the sheriff, without proper proof, no creditor of the husband could ever be secure of his debt. To avoid a condition so open to fraud, the Supreme Court have declared that 'to bring the property claimed by a married woman, under the protection of the Act of the

[Rhoads *v.* Gordon.]

11th day of April 1848, it is necessary that her ownership should be proved, by identifying it as property which she owned before her marriage—or if purchased afterwards, that it was paid for with her separate funds.' They have further declared that 'in the absence of clear and satisfactory proof that property purchased by the wife after marriage, was paid out of her own separate funds, the presumption is that it was paid for by means furnished by the husband.' Such is the law of the land, and it is binding upon courts and juries. Indeed any other principle would involve great uncertainty as to the ownership of property, and must lead to fraud in the concealment and possession of chattels, injurious to the sound policy of social intercourse. Satisfied of the justice of these views, I feel myself bound to say, as I am requested by the defendant, that the husband is presumed to be the owner of all the personal property possessed by the family—that evidence that the plaintiff purchased any of the articles or property levied on in this case, amounts to nothing unless it be accompanied by clear and full proof that she paid for such articles with her own separate funds—in the absence of such proof, the presumption with regard to all such articles is a violent one, that the husband furnishes the means of payment, and the jury are bound so to find. That with regard to such of the articles levied on as are the proceeds of the farm on which the plaintiff and her husband reside, the plaintiff, in order to establish her title to them so as to entitle her to a verdict, must show beyond a reasonable doubt that the farm belonged to her, and that the purchase-money or consideration paid for it was not furnished by her husband. On failure to prove either of these points, or in the absence of any proof on the subject, the jury should find all such articles to be the property of the husband; that all property levied on in this case, or such proportion of it as is the fruit or result of the labour, energy, or industry of either the plaintiff or her husband, is the property of the husband, and liable for the payment of his debts—that the plaintiff establish her title to each of the articles levied on according to the rules hereinbefore stated, and the jury is bound to find in favour of the defendant as to all articles to which the plaintiff does not give full and most satisfactory proof of title in herself. These principles are all true, and they should govern the finding of the jury. There is evidence in the case that the plaintiff purchased articles and that she paid for articles; but there is no evidence to show that these articles were paid for out of her own funds, and the presumption is that they were paid for by means furnished by the husband. In the whole case no evidence has been produced by the plaintiff to show by clear and satisfactory proof that the property levied on or any part thereof was the property of Jane T. Rhoads, and under these circumstances I

feel myself constrained to instruct you that the plaintiff has not made out her case, and that your verdict should be for the defendant.   If I am wrong in this view, I am pleased to know that the case can be carried to a superior court, and any errors of judgment in the court below can be corrected.   It is your duty to find for the defendant."

Under this charge there was a verdict and judgment in favour of defendant in the issue.   Whereupon the plaintiff sued out this writ, assigning here as cause for reversing the judgment, that the court erred in instructing the jury that the plaintiff had not made out her case with respect to any of the articles levied upon.

The case was submitted to the consideration of this court on the paper-books, and without any oral argument.

The opinion of the court was delivered, February 28th 1861, by

THOMPSON, J.—There is certainly no evidence on our paper-books to show that Mrs. Rhoads paid for the farm conveyed to her by her brother Joseph Edwards on the 11th May 1855, for the consideration of $5820; and if there had been, it was not shown that it was from the proceeds of it, that the personal property claimed by her was paid for.   She could not therefore, in the present state of the law, expect to maintain a title to the property levied on, without showing clearly that it was bought and paid for with her own money, not derived from her husband. Until that was established, the presumption remained that the acquisition was through his means and the property liable to his debts: Bradford's Appeal, 5 Casey 513; Hallowell *v.* Horter, 11 Id. 380; Auble *v.* Mason, Id. 261; Walker *v.* Reamy, 12 Id. 410.

The charge of the learned judge, the only matter in the case excepted to, is so completely in the line of the precedents, and the law so clearly and accurately stated in its application to the proof, that we are saved the labour of vindicating it in any particular, as it fully accomplishes that for itself.   As we see no error in the record, the judgment is

Affirmed.   ·