Kauffman *v.* Stenger et al., Appellants.

Argued October 28, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*A. J. White Hutton,* for appellants.

*John McD. Sharpe,* for appellee.

OPINION BY HIRT, J., January 28, 1943:

Plaintiff issued an execution on her judgment against defendant Lester E. Reineman. The fund for distribution in the hands of the sheriff under the writ, amounting to $944.25, was claimed by appellants, husband and wife, as the proceeds of sale of personal property owned by them by entireties. The court awarded this fund to plaintiff in satisfaction of her judgment; hence this appeal.

Appellants, in 1929 bought a farm of 87 acres in Franklin County taking title as husband and wife by entireties; they have lived on the farm and have worked it together. A notice appeared in a Chambersburg newspaper over the name of the husband alone advertising a public sale of live stock on the farm. The property advertised and sold consisted of a pair of mules, 23 head of cattle, and 8 hogs. It is appellants' position that the mules were brought to the farm by them when they bought it and that all of the cattle and hogs were the increase of stock on the farm. They contend that their title to this personal property was by entireties, not liable for the debts of the husband, and that their estate was not terminated by the sale.

It is elementary that personal property may be held by entireties and that neither husband or wife has a separate interest therein which can be reached by the creditors of the other. The Married Women's Acts (48 PS 31, et seq.) affected the incidents of the husband's control of the property so held (*Fairchild v. Chastelleux,* 1 Pa. 176) but did not otherwise disturb this common law estate. There is nothing in the law which

prevents the wife from giving her husband express authority, as her agent, to sell for both of them but the proceeds of sale are impressed with the entirety attribute that it is the property of both. And even if the husband in this case sold property of both without specific authority, the proceeds inured to the benefit of both and the estate, if by entireties, was not terminated. These principles are settled. *Madden v. Gosztonyi S. & T. Co.,* 331 Pa. 476, 200 A. 624.

On the morning of January 19, 1940, the date of the sale, the sheriff with a deputy came to the farm prepared to make a levy on the personal property about to be sold. The testimony is sufficient to support the conclusion that in the discussion which followed, the wife-appellant agreed that her husband sign an order on the clerk of the sale directing him to pay the sheriff $944.25 of the proceeds in satisfaction of the writ. He executed the order and the fund in the hands of the sheriff was derived from that source.

An estate by entireties may always be destroyed by agreement of the parties. *Berhalter v. Berhalter,* 315 Pa. 225, 173 A. 172. A wife may pay her husband's debts and may use borrowed money or pledge her property for that purpose. *Newhall v. Arnett,* 279 Pa. 317, 123 A. 819. A husband and wife, by their joint act, have the right to sell or dispose of their estate; by their joint act they may strip the estate of its attributes and create a wholly different estate in themselves. *Beihl v. Martin,* 236 Pa. 519, 84 A. 953. Cf. *A. Hupfel's Sons v. Getty,* 299 Fed. 939. Or their personal property may be sold by them and if the wife agree, title by entireties may be destroyed and the proceeds may be applied to the payment of the husband's debts. Cf. *Hastings Bank of Hastings v. Covitch,* 324 Pa. 171, 188 A. 129.

But regardless of the legal effect of the above order, plaintiff is entitled to the fund, on the conclusion of

the lower court that the testimony does not establish that the property sold was in fact owned by entireties.

The husband in this case advertised the sale of property as *his,* without complaint of the wife. In general, where husband and wife live together in the same house or on the same land, the ownership of personal property, though in the possession of both, is presumed to be in the husband and not in the wife. *Rhoads v. Gordon,* 38 Pa. 277. When the sheriff was on the premises prepared to make a levy, neither the husband nor the wife asserted that the property belonged to both of them. A wife claiming property "acquired during coverture against her husband's creditors is required to substantiate her claim by proof sufficient to repel all adverse presumptions." How the property was acquired, if by gift or descent or otherwise, or whose money paid for it, determines the issue. *Heiges v. Pifer,* 224 Pa. 628, 73 A. 950; *Walker v. Reamy,* 36 Pa. 410. Under the circumstances, the same rule applies to the present case and nothing short of "clear, full and satisfactory" proof can establish title by entireties. The wife asserted ownership by both but did not prove it. The testimony of the husband is silent on the subject. As to the two mules, the testimony is that they raised them on a farm which they occupied (whether as owners or tenants does not appear) before buying their present farm. There is no evidence as to the origin of title to the mules, how they were acquired or who paid for them. The same may be said of the cows and hogs. They were reared on the farm and were the increase of stock on the farm. The ownership of a farm carries with it the right to its produce (*Holcomb v. Peoples' Saving Bank,* 92 Pa. 338) but the increase of domestic animals belongs to the owner of the dams (3 C.J.S., p. 1090; *Allen v. Allen,* 2 P. & W. 166) regardless of the title to the land upon which they were reared and maintained. There is no evidence as to

how the stock, which produced the increase, the subject of the sale in this case, was acquired and in the absence of sufficient evidence the court was bound to conclude that the burden of proof of title by entireties was not met.

Order affirmed.