## Chadwick Estate.

158

Argued October 27, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ. (RENO, J. absent).

*David F. Maxwell,* with him *Samuel H. High, Jr.,* and *Edmonds, Obermayer & Rebmann,* for appellant.

*Roland J. Christy,* for appellee.

OPINION BY HIRT, J., January 27, 1944:

J. Harker Chadwick died testate in 1941. Accountant, his widow, is the executrix of his insolvent estate. Immediately following testator's death, appellant, a member of the Philadelphia bar, was employed by the widow to represent her personal interests and to settle

the estate. Appellant performed valuable services for her and for the estate. He collected for her $10,000 in disputed life insurance. By a time-consuming process he negotiated a favorable settlement with Westminister Cemetery Company establishing a claim in favor of the estate of about $11,000, less credits representing collections retained by decedent in his lifetime. On the basis of the settlement the estate finally received $6,500. The fee earned by him for services rendered Mrs. Chadwick personally was fixed at $600 by judgment of the common pleas of Philadelphia, affirmed in *Chadwick v. Hepburn*, 151 Pa. Superior Ct. 459, 30 A. 2d 235. The dispute here relates to appellant's fees for services to the estate. The auditing judge upon sufficient evidence found $900 to be the value of these services. From that amount he deducted $220, the value of property of the estate bought by appellant. An additional charge of $51.37 appearing in the account was also deducted. Thus the net fees due appellant from the estate was found to be $628.63. Exceptions were filed to this adjudication by the widow in her own right (Record 103b) and also as executrix. As sole beneficiary under the will she was an interested party with the right to question the adjudication. Her right as executrix to except is at least doubtful. *Reese's Estate*, 317 Pa. 473, 177 A. 792.

The controversy here has to do with a large oriental rug of the value of $750. It was a part of the furnishings in the home of accountant and decedent at the time of his death and was delivered immediately thereafter to appellant by the widow. The court in banc in sustaining the exceptions held "that the facts disclosed by the transaction concerning this rug disqualify the claimant Hepburn from any claim for services to this estate" and entered a final decree to that effect. We find nothing in appellant's conduct which forfeits his right to fees. It is for us in this appeal to decide the

question "as to right and justice ...... according to the equity thereof." Orphans' Court Act of June 7, 1917, P. L. 363, §22(b), 20 PS 2602. We are convinced that the adjudication of McDONOUGH, J., as auditing judge was a proper solution of the controversy and the final decree will be reversed.

Decedent at one time was a man of means, and the apartment where he lived with his wife was well furnished. Although the furnishings, including the rug in question were bought by him, the evidence is that he made a gift of all of the household goods to his wife following their marriage in 1930. In general where husband and wife live in the same house, ownership of personal property in possession of both is presumed to be in the husband. *Kauffman v. Stenger et al.,* 151 Pa. Superior Ct. 313, 30 A. 2d 239. But from a bona fide gift, a delivery may be implied between husband and wife though the property remains in actual possession of both in their common home. *Leitch v. Diamond Nat. Bank,* 234 Pa. 557, 83 A. 416. All of the testimony supports title in the wife by gift of all of the household goods. She asserted ownership as early as 1932, apparently at a time when decedent made a compromise settlement with his then creditors. There is no evidence that decedent was insolvent at the time of the gift and her successful assertion of ownership in 1932 is some evidence that the gift was not made in contemplation of insolvency. *Cameron, Sec. of B. v. P. Bk. of Maytown,* 297 Pa. 551, 147 A. 657. Where at the time of the gift, a husband has no creditors the transfer is not fraudulent as to future creditors unless it is shown that it was the intention of the husband to put the property beyond their reach. *Walkinshaw Estate,* 275 Pa. 121, 118 A. 766. No such purpose was shown here affecting present creditors of the estate. The property claimed by the wife does not appear in the inventory of the estate and none of decedent's creditors

has questioned her failure to account for it as executrix. The evidence is insufficient to support the finding of the court in banc that the rug in question was a part of the estate.

There is confusion in the record however as to the circumstances under which the rug was delivered to appellant as well as to the basis for computing his fees. One contention is that the rug was worth $1,500 and was accepted by appellant in lieu of all fees for services to become due from the widow personally and as executrix. This position is negatived by the fact that later there was a written agreement with the executrix providing for fees at a percentage of the ultimate fund for distribution. This agreement was repudiated by counsel who succeeded appellant as attorney for the estate. Thereupon appellant asserted his claim at the audit on quantum meruit.

Appellant contends that decedent in his lifetime by false pretenses induced him to loan him money and that the widow on learning the circumstances delivered the rug to him in repayment of the loan. Appellant did not file decedent's note evidencing the debt as a claim against the estate, and his contention may reflect the facts. However, the rug is not an asset of the estate, and the controversy as to whether the rug was accepted by appellant in full for services to the widow personally was adjudicated by the judgment against her in the common pleas.

Decree reversed at the costs of the fund; the adjudication of the auditing judge is reinstated and distribution ordered in accordance therewith.