Matheny Estate.

Argued November 8, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Clark H. Painter,* with him *Painter & Painter,* for appellant.

*Luther C. Braham,* with him *A. C. Troutman, Darrell L. Gregg, Jackson & Troutman* and *Galbreath, Braham & Gregg,* for appellee.

OPINION BY HIRT, J., January 14, 1949:

Percival L. Matheny died intestate on July 21, 1946. His widow Myrtle Matheny qualified as administratrix and filed an inventory which listed a "1941 Olds Hydramatic" automobile, appraised at $1,000, as the only asset of the estate. Myrtle Matheny died testate on August 27, 1946, thirty-six days after the death of her husband. James Hackett, her son, is her executor, and Martha G. Ferris, a daughter of Percival L. Matheny by a former marriage, took out letters d. b. n. on his estate. On February 5, 1947, James Hackett, executor, filed a first and final account on behalf of Myrtle Matheny, as administratrix of the estate of Percival L. Matheny. The account showed a single charge of $1,000, the proceeds of sale of the Oldsmobile to James Hackett, the accountant, and claimed credits amounting to $1,325.39 and a balance due the accountant of $325.39. The credits admittedly were proper. To this account Martha G. Ferris, representing her father's estate, filed exceptions charging, in substance: (1) that the account does not include $2,376.93 in cash which Percival L. Matheny had at the time of his death; (2) that the accountant neglected to charge his mother's estate with the household furniture of Percival L. Matheny valued at about $1,200; (3) and with an Elk's insignia diamond stickpin of an estimated value of $400; (4) and an amethyst heirloom ring. A fifth exception to the account charged that accountant in selling the Oldsmobile to himself for $1,000 took it at a price below its actual worth. The lower court in disposing of these exceptions in effect

surcharged the accountant with $2,376.93, the amount on deposit in a bank in the name of Percival L. Matheny just prior to his death; and with $937.58, the proceeds of sale of household goods found to belong to that decedent; and with $139 the value of the Oldsmobile over and above the amount James Hackett paid for it. The court also ordered the executor to account for the Elk's stickpin which Myrtle Matheny had appropriated to her own use. In so doing the court properly disposed of the exceptions. Admittedly, the amethyst ring has not been found and never came into the hands of Myrtle Matheny nor her executor.

Percival L. Matheny had a checking account in the Union Trust Company of Butler and just before his death he signed two checks in blank. At the bank the name of Myrtle Matheny was filled in as payee on one of the checks and a new account was opened in her name for $2,376.93 which closed the account of her husband. So much is admitted. The dispute goes to the question of her title to the fund. Both the auditor and the court found that the deposit in her name was the property of Percival L. Matheny at the time of his death. It is contended by appellant here that the fund was the property of Myrtle Matheny by reason of a gift to her by her husband. Since the wife claimed the bank account as a gift from her husband, the burden was upon her executor to prove it. *Keyser's Estate*, 329 Pa. 514, 198 A. 125. On this question, declarations of Percival L. Matheny were admissible but they could be proven only by the testimony of competent witnesses. *Matthews v. Matthews*, 11 Pa. Superior Ct. 381.

On going to the hospital two days before his death, Percival L. Matheny delivered the two checks, on the Union Trust Company, signed by him in blank, to Martha G. Ferris in the presence of Anna Matheny. Martha is a beneficiary of his estate and her interest therefore is adverse to the estate of Myrtle Matheny. For this reason she was incompetent under the Act of May 23, 1887,

P. L. 158, § 5(e), 28 PS 322, to testify to declarations of her father as to his intention in signing and delivering the checks in question to her. But Anna Matheny is the widow of a son of Percival L. Matheny, who predeceased him. She has no interest in the estate and therefore was a competent witness. She testified that Percival L. Matheny said: "Martha would need some money . . . for paying bills" and that Martha, at his request, got the check book and he signed two checks in blank and delivered them to Martha. This witness went with Martha G. Ferris to the bank and there a teller at their request filled in the blanks on one of the checks by inserting thereon the amount of the balance to the credit of Percival L. Matheny and the name of Myrtle Matheny as payee. The entire amount was transferred to a new bank account in her name. According to the competent testimony, particularly of the teller at the bank, there was no proof of a completed gift of the fund to Myrtle Matheny by her husband. It was all the money that he had and the checks were given merely to facilitate the payment of his current bills. The fund was transferred to Myrtle Matheny at the bank for the same purpose. It was not a gift to her; title to the fund remained in Percival L. Matheny.

The household goods admittedly were in the home of decedent Percival L. Matheny at the time of his death. Accordingly there was a presumption that he was the owner of them. *Chadwick Estate*, 154 Pa. Superior Ct. 157, 35 A. 2d 582. James Hackett, a beneficiary under his mother's will, was incompetent (for the same reason that Martha G. Ferris was incompetent) to testify adversely to the estate of Percival L. Matheny as to lack of title to the household goods. "When both parties to the litigation [as in the present case] represent dead persons the death of each works the incompetency of all persons interested in the estate of the other": *Crosetti's Estate*, 211 Pa. 490, 496, 60 A. 1081. The testimony of all other witnesses on the subject, produced by James

Hackett, was so contradictory and at times so incredible that the auditor was justified in disregarding it for the most part as without probative force. The household goods in question were sold at public auction by James Hackett, executor, as the property of the estate of Myrtle Matheny for a total of $1,232.80. The auditor found that $1,045.08 of this amount was the proceeds of sale of furniture which was actually owned by Percival L. Matheny at the time of his death. The court reduced the amount to $937.58 as the net proceeds realized by the sale of furniture owned by that decedent and in effect surcharged the accountant in that amount.

Findings of fact of an auditor when approved by the Orphans' Court are entitled to the same weight as the verdict of a jury. Remick, Orphans' Court Practice, § 153. And such findings will not be disturbed unless they are unsupported by evidence. *Harbaugh's Estate*, 320 Pa. 209, 182 A. 394. There is competent evidence to sustain the finding that the fund of $2,376.93 is the property of the estate of Percival L. Matheny and the evidence produced by this appellant before the master was insufficient to rebut the presumption that household goods at least to the value of $937.58, as found by the court, were the property of that decedent at the time of his death. Cf. *Katz, Admrx., v. Lockman*, 356 Pa. 196, 51 A. 2d 619, where on the exclusion of testimony of witnesses, found to be incompetent under the 1887 Act, the order of the lower court was nevertheless affirmed under conditions similar to those present in the instant case. A circumstance casting suspicion upon every contention of the appellant in the present proceeding is the fact that his decedent, and he as her representative, attempted to appropriate all of the property in the estate of Percival L. Matheny. Adopting a humane and realistic view of this decedent's intentions it hardly could be said that he intended to strip himself of all of his property in favor of his second wife, to the exclusion of his children and the children of a deceased son.

24

It was found by the auditor, upon clear proof, that Leroy Matheny, after the death of his father, Percival L. Matheny, and during the lifetime of Myrtle Matheny, had made a bona fide offer to her as administratrix, to buy the Oldsmobile in question for $1,139.00. The offer was ignored. There is no competent evidence that $1,000 paid by James Hackett was the maximum permissible ceiling sale price of the automobile in question as fixed by regulation promulgated under the United States Emergency Price Control Act of 1942, 50 U. S. C. A. Appendix, § 901, et seq. Moreover, James Hackett abused his fiduciary relationship as executor by selling the automobile to himself. *Beeson v. Beeson,* 9 Pa. 279. "An executor cannot use his power for his private benefit, and 'he cannot directly or indirectly become a purchaser at his own sale': Tanner's Estate, 218 Pa. 361, . . .": *Istocin's Estate,* 126 Pa. Superior Ct. 158, 190 A. 382.

Appellant contends that the lower court erred in refusing his claim as executor for a widow's exemption on behalf of his mother. The court found: "Myrtle Matheny as widow of Percival Matheny never made claim for, or received her widow's exemption out of the assets of the estate of Percival L. Matheny" and for that reason refused the claim. As to a widow's exemption, the Fiduciaries Act of June 7, 1917, P. L. 447, § 12(a), as amended, 20 PS § 471, provides that the widow "may retain or claim either real or personal property, . . . belonging to said estate, to the value of five hundred dollars." The widow's exemption is recognized as a preferred claim or gift prompted by considerations of public policy. "Exemption acts have been conceived in a spirit favorable to widows and have received an interpretation consistent with their conception": *Davies' Estate,* 146 Pa. Superior Ct. 7, 13, 21 A. 2d 517. The widow here did not claim her exemption before her death. That however is not conclusive if she retained property in her husband's estate for that purpose. Certainly a widow-administratrix need not make a demand

on herself for the exemption; she may take it and claim credit for it in her account. But we are unable to find that Myrtle Matheny as widow "retained" any property of her husband's estate *for that purpose.* The bank account and the furniture were claimed as her property under an assertion of ownership; the Elk's pin she appropriated but she did not "retain" it as her exemption, in whole or in part. And her executor accounted for the actual proceeds of only one chattel that he sold; without deduction for the widow's exemption. Since the widow did not "claim or retain" property in payment of her exemption, the personal representative of her estate could not exercise the right for her after her death. *Kern's Appeal,* 120 Pa. 523, 14 A. 435. Remick, Orphans' Court Practice, 4th Ed., § 176. The court properly refused the claim.

The conclusions of law and the order of the lower court are affirmed; James Hackett to pay the costs.