Opinion by
 

 Arnold, J.,
 

 Ferdinand Schwartz died March 20, 1948, testate, appointing as his “Executor” his daughter by a former marriage, Rose Weinberg, and her husband, Samuel. The latter renounced, but the daughter did not. The holographic will of the testator referred throughout to the testator’s “executor” (singular number), and Gizella Schwartz, his widow (apparently believing that Samuel Weinberg was the only executor), obtained letters c. t. a. in the estate of Ferdinand Schwartz. She continued to operate decedent’s small store, which carried some tobacco but principally a stock of goods attractive to children, such as candy and toys. Harmonious relations existed between the widow and her step-daughter until Gizella Schwartz died August 26, 1948. During the lifetime of Gizella Schwartz Mrs. Weinberg agreed to, or did not protest against, the continued operation of the store by Gizella Schwartz, the purpose being to have it sold as a going concern. Thereafter difficulties arose between Julius Blum, the brother of Gizella Schwartz, and Rose Weinberg.
 

 After the death of Gizella Schwartz, Mrs. Weinberg petitioned to revoke the letters issued to the widow. Further proceedings were involved, and not in accordance with proper practice, but Rose Weinberg became executrix c. t. a. of Ferdinand Schwartz. Julius Blum obtained letters testamentary under the will of Gizella Schwartz and filed “an account of Gizella Schwartz, Administratrix c. t. a. . . . as stated by Julius Blum, Executor ... of Gizella Schwartz.”
 

 Blum, the executor of the deceased fiduciary, was personally liable only for assets which came into his possession from the deceased fiduciary:
 
 Catanzaritti v. Bianco,
 
 131 Pa. Superior Ct. 207, 198 A. 806;
 
 Wagner’s Estate,
 
 227 Pa. 460, 76 A. 215. Blum, in this account, charged himself with the assets set up in the appraisement of the Ferdinand Schwartz estate amounting to
 
 *461
 
 1925.00, with a notation that the same had been turned over to Rose Weinberg, executrix of Ferdinand Schwartz. As the auditing judge stated, this was not proper and audit could be refused, since the turning over was prior to the audit of the account. In order to save costs, the parties and the judge agreed that it be treated as though no assets had been delivered to the executrix of Ferdinand Schwartz.
 

 With great patience the auditing judge permitted 199 pages of testimony to be taken,—most of which was of dubious relevancy but admitted in order that no possible injustice be done. The objections of Rose Weinberg, the present appellant, (also a legatee of Ferdinand Schwartz) were then passed upon. These consisted of twelve main objections with numerous subdivisions under each objection. Many of these questions were determined against the exceptant, and she appealed.
 

 We do not propose to discuss in detail all of the questions raised in the orphans’ court, for the judge’s adjudication was manifestly correct, and his duty discharged with wisdom and in accordance with law, except in two instances.
 

 I. While acting as administratrix c. t. a. of Ferdinand Schwartz, Gizella Schwartz, widow, on June 15, 1948, in a return and affidavit for state transfer inheritance tax, set up a widow’s exemption as a deduction, but only as a lumping charge. When she died on August 26, 1948, she had never claimed any specific goods nor had them set aside to her. Under all of the cases this is an insufficient claim by the widow:
 
 Matheny Estate,
 
 164 Pa. Superior Ct. 18, 63 A. 2d
 
 477; Davies’ Estate,
 
 146 Pa. Superior Ct. 7, 21 A. 2d 517; Hunter’s Commonplace Book, page 1390. In
 
 Bell’s Estate,
 
 139 Pa. Superior Ct. 11, 10 A. 2d 835, it was held that the purpose of the widow’s exemption statute was to make
 
 immediate
 
 provision for the wants of the family. In the instant case there is no evidence that the widow was prevented
 
 *462
 
 by illness or otherwise from making a proper claim. She knew the provisions of the will and of her appointment as fiduciary. The exemption must be disallowed.
 

 II. The auditing judge held that because of the married women’s property acts there is a presumption that household goods are owned by husband and wife as tenants by the entireties. In
 
 Matheny
 
 Estate, 164 Pa. Superior Ct. 18, 63 A. 2d 477, we held that the presumption was that the household goods belong to the husband. To this rule we adhere. It was based upon the duty of a husband to provide his wife with a home, which, of course, means household goods and not merely roof and walls. This duty of the husband is unaffected by the married women’s property acts.
 

 The record is remitted to the court below to take additional testimony, limiting it to the ownership of the household goods, and then to restate its adjudication in accordance with this opinion; costs to be paid by the estate.