Fine *v.* Fine, Appellant.

Argued November 22, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*I. Finkelstein,* with him *Elihu A. Greenhouse,* for appellants.

*Harry R. Back,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 2, 1951:

A husband, separated from his wife, filed a bill in equity against his wife, her mother and two brothers, demanding that they return to him furniture and furnishings which they removed from the husband's and wife's apartment, and which is presently in the wife's possession. The husband averred that the goods were

paid for by him and were his individual property. The wife, in her answer, asserted that most of the goods had been purchased by the husband with his individual funds "for himself and [her]". In her testimony she claimed them as a gift. An issue was thus presented whether the goods belonged to the husband and wife jointly, or to either of them individually. No question of title by the entireties was raised by the evidence. Upon a hearing, the learned chancellor found as a fact that title to none of the articles passed to the wife by gift (except an item of assorted flat silver valued at $115) and the wife, her mother and the brothers were ordered to return the furniture and furnishings to the husband, conditioned on his payment to the wife of the sum of $115. This appeal followed.

Since the passage of the married women's property acts culminating in the Act of May 17, 1945 P. L. 625, Sec. 1, as amended, 48 PS 31 (pocket edition), it may now be doubtful whether the ancient doctrine is or ought to be still applicable that household goods found in the joint possession of husband and wife are *presumptively* the property of the husband. Cf. *Alcorn v. Alcorn,* 364 Pa. 375, 72 A. 2d 96.

Mr. Justice LADNER, when a judge of the Philadelphia Orphans' Court, wrote an illuminating opinion in *Schwartz Estate,* 68 D. & C. 154, wherein he decided that household furniture and furnishings in the joint possession of husband and wife are *presumptively* owned by them as tenants by the entireties. He reviewed the decided cases from *Rhoads v. Gordon,* 38 Pa. 277, to *Matheny Estate,* 164 Pa. Superior Ct. 18, 63 A. 2d 477, and concluded that the Superior Court had probably overlooked that the modern married women's property acts made obsolete and archaic the early case of *Rhoads v. Gordon,* supra, and those cases in the Superior Court which have followed it. On appeal, the Superior Court reversed the Orphans' Court, reported in

166 Pa. Superior Ct. 459, 71 A. 2d 831. It was stated in the opinion that the Superior Court adhered to the old rule, based on the doctrine that a husband is under a duty to provide a home for his wife and hence the presumption. It is even questionable, however, whether a presumption of sole ownership by a husband is *now* applicable since the emancipation of married women over their property and changed social conditions. A husband still may be required to provide his wife with a home, but in modern times, when married women are so universally engaged in professions, business and trades, it is unrealistic to *presume* that it was with the husband's funds *alone* the furniture and furnishings in their joint possession were purchased and that the husband is their *sole* owner.

In this case, however, no such *presumption* applies. Neither the wife nor the husband so contend. The wife claims *all* the property and so does the husband. Any *presumption* is necessarily rebutted by the evidence. The finding of fact by the hearing judge that title is in the husband, which finding is supported by sufficient evidence, and approved by the court in banc, is conclusive.

Decree affirmed at cost of appellants.