Fine *v.* Fine, Appellant.

Argued March 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James J. Regan, Jr.,* for appellants.

*Harry R. Back,* for appellee.

OPINION BY ARNOLD, J., October 1, 1952:

This is an appeal by the defendants from an order and adjudication in contempt in failing to comply with the decree of the court below, entered on the equity side.

The inception of the proceedings is fully set forth by the Supreme Court in *Fine v. Fine,* 366 Pa. 227, 77 A. 2d 436, from which we quote: "A husband, separated from his wife, filed a bill in equity against his wife, her mother and two brothers, demanding that they return to him furniture and furnishings which they removed from the husband's and wife's apartment, and which is presently in the wife's possession.

The husband averred that the goods were paid for by him and were his individual property. The wife, in her answer, asserted that most of the goods had been purchased by the husband with his individual funds 'for himself and [her]'. In her testimony she claimed them as a gift. An issue was thus presented whether the goods belonged to the husband and wife jointly, or to either of them individually. No question of title by the entireties was raised by the evidence. Upon a hearing, the learned chancellor found as a fact that title to none of the articles passed to the wife by gift (except an item of assorted flat silver valued at $115) and the wife, her mother and the brothers were ordered to return the furniture and furnishings to the husband, conditioned on his payment to the wife of the sum of $115. This appeal followed." The Supreme Court affirmed the decree at the cost of the appellants.

During the pendency of the original proceedings the defendants agreed to place the chattels in question in storage, and some of them were so stored. On final decree the defendants failed to return all the chattels to the plaintiff, and the rule for the instant attachment was issued. Defendants filed an answer denying that they had had possession of the missing chattels, and averring that they were not responsible for such of the chattels that were in storage but damaged; but the defendants offered no testimony.

Plaintiff supplied ample evidence for his position. Judge ALESSANDRONI, for the court below, went into a full hearing, found against the contentions of the defendants, and entered an order, inter alia, as follows: ". . . and upon failure of the defendants to peacefully comply with this Order [the final decree in the original case], it is ordered and decreed that the defendants, and each of them, shall stand committed until said Order is complied with." The court's decree in the attachment proceeding also provided, in substance, that

the defendants would be purged of contempt if they paid the storage charges of some $148 and also paid to the plaintiff the value of the goods missing or destroyed. This part of the decree in no sense required the payment of money. It was merely a method for the alleviation of the defendant's contempt by paying the loss sustained by the plaintiff. The defendants do not have to pay the amount set forth in the court's decree, and have the option of going to jail for the contempt which they undoubtedly committed. Moreover, the defendants are in no position to complain of an alternative created for their own benefit.

The value of the goods missing and damaged was fixed by the court in accordance with depositions taken by agreement, and the amount fixed is fully sustained by the evidence.

The defendants are merely trying to prolong both the litigation and compliance with the decree by a succession of maneuvers with a change of lawyers at nearly every phase.

Decree affirmed.