## Rapkin v. Israel et al.

*Harry Goldbacher*, for plaintiff.

*Emanuel Romm*, for defendants.

OLIVER, P. J., December 17, 1953.—Plaintiff Allen Rapkin and defendant Violet Rapkin were married on

June 18, 1950, in Philadelphia, and after spending the summer with Violet's parents at Atlantic City, N. J., lived together at 1632 Merribrook Road, Philadelphia, until some time in November 1950, when they separated because of marital difficulties. A divorce was granted on December 10, 1952, as of Court of Common Pleas No. 2, March term, 1952, no. 5141.

On November 13, 1950, defendant Violet Rapkin proceeded to the home on Merribrook Road and caused to be removed therefrom the entire furnishings and personal property then in the house. Defendants Jack Israel and Lillian Israel, parents of Violet, were present at the time of the removal to assist or protect Violet, and provided a third-floor apartment in their own residence, 4925 Parkside Avenue, for the use of Violet wherein she stored some or all of these furnishings and set up housekeeping for herself.

After demanding the return of his property or the value thereof, plaintiff brought this complaint in equity to compel defendants to return his property or to pay him the value thereof. Testimony was introduced as to the exact items removed, their value, and whether they were originally obtained by purchase, by gift, or otherwise.

Before we determine the ownership of the various items involved, we shall set forth what we believe to be the law of this jurisdiction in regard to property rights in household goods.

We shall treat first of property acquired after the marriage. In general, where husband and wife live in the same house, ownership of personal property so acquired and in possession of both is presumed to be in the *husband:* Chadwick Estate, 154 Pa. Superior Ct. 157 (1943).

Previous to the Chadwick decision, Mr. Justice Ladner, when a judge of the Orphans' Court of Philadelphia County, took the position in Schwartz Estate,

68 D. & C. 154 (1949), that household goods in the joint possession of husband and wife are presumptively owned by them as *tenants by the entireties*. On appeal, however, the orphans' court was reversed: Schwartz Estate, 166 Pa. Superior Ct. 459 (1950). The Superior Court adhered to the old rule that a husband is under the duty to support his wife, and there is therefore a *presumption* that ownership is in the *husband*. The Superior Court stated, in Schwartz Estate, supra, at page 462:

"The auditing judge held that because of the married women's property acts there is a presumption that household goods are owned by husband and wife as tenants by the entireties. In *Matheny Estate*, 164 Pa. Superior Ct. 18, 63 A. 2d 477, we held that the presumption was that the household goods belong to the husband. To this rule we adhere. It was based upon the duty of a husband to provide his wife with a home, which, of course, means household goods and not merely roof and walls. This duty of the husband is unaffected by the married women's property acts."

The case of Fine v. Fine, 366 Pa. 227 (1951), casts some doubt on the strength of the presumption, in view of the emancipation of women, but the general rule is only questioned, not rejected. The court states that, since both husband and wife claimed all the property, any presumption was overcome and there then remained only a question of fact as to the actual ownership. The court then found title to be in the husband.

The case at bar is distinguishable from Fine, supra, in that here the husband did not claim sole ownership of all the articles, though the wife did so. In his complaint plaintiff alleges all the articles are his property, but this is only a conclusion of law, and his testimony clearly indicated he treated some of the items as joint property of himself and his wife. Consequently, the presumption of sole ownership of household goods in

the husband applies, and the burden is on the wife to show explicitly in what manner she acquired any property she claims is her own. If she alleges she purchased certain items with her own funds, she must explain the source of those funds. If there are any gifts of household goods, she must show the gift was meant only for her, and not for the marital unit. If the gifts were intended for both, a tenancy by the entireties was created. If they were intended solely for the wife, then they are her separate property, but the burden should properly be on her to show such intent of the donor. This is especially so where the wife, as in this case, is not gainfully employed outside the home during the marriage.

As to the items involved that were given to the husband and wife by relatives and friends as wedding gifts, there is no presumption that ownership is in the husband, since he did not purchase the goods or supply the funds with which they were obtained, nor was there any duty on the husband to provide these gifts for his wife. If the property is given expressly to the married couple, they become joint owners, and must be so treated. But the question whether a gift is to one or both is a question of fact to be decided with regard to all the surrounding circumstances of the case. Thus, in the case of a wedding present, which is the only type of gift involved here, it can safely be assumed that one which is of a personal nature is meant for either husband or wife, i.e., a jeweled bracelet would obviously be intended for the wife alone; cuff links would be intended for the husband. But gifts intended to equip or adorn the house are not properly treated as personal gifts to either spouse; in determining ownership of such goods we must consider the origin of the gift, and the relationship of the donor to the husband or wife. We think wedding gifts which are to be used or enjoyed jointly should be considered

the same as property purchased by husband and wife jointly and therefore must be treated as belonging to them by the entireties: Remaley v. Remaley, 37 Luz. (1944); 99 U. of Pa. L. Rev. pp. 499, 516, 517.

The rule is that, where household goods other than wedding gifts are in the possession of both husband and wife, and they live in the same house, ownership of the personalty is presumed to be in the husband. Wedding gifts, however, unless of a personal nature, carry no such presumption, and are to be treated as belonging to the husband and wife as tenants by the entireties.

In the light of the authorities reviewed above, if the wife claims any of the property other than her joint interest in wedding gifts, she has the burden of showing, by clear and satisfactory evidence, in what manner she acquired it, whether by gift, purchase, descent, or otherwise.

Applying the above rules to the facts of this case, we find that plaintiff is entitled to recover all the goods which were taken, or the money value thereof, which were not proven by the wife to be her property, except wedding gifts not of a personal nature and they are to be treated the same as any property held by them as tenants by the entireties.

We are concerned primarily with the evidence defendants have put forth as to ownership of the various items. Plaintiff admitted certain items were received as wedding gifts; these items, as above shown, are held as tenants by the entireties, except where the wife has proven sole ownership. Defendants were able to produce certain canceled checks showing the purchase of various items with their own funds. These items are not the property of plaintiff. Applying the rule that wedding gifts not of a personal nature are owned as tenants by the entireties, and that household goods not proven by the wife to be her property belong

to the husband, we find ownership of the various items as follows:

The items listed in schedule A are held as tenants by the entireties; those listed in schedule B are owned solely by the husband; those listed in schedule C are owned solely by the wife.

Before we set forth the schedules, we wish to point out that even if the Fine case, supra, means that the presumption of sole ownership in the husband no longer applies, we have then a question of fact as to who actually supplied the funds with which the goods were purchased. If we follow this interpretation of the Fine case, the result here would be exactly the same as the one we have reached. The wedding gifts listed in schedule A are still owned as tenants by the entireties; the testimony disclosed that the husband's funds went to purchase those items listed in schedule B, and the wife established ownership of the items in schedule C. Our description of the items will, of necessity, be brief. A more complete description is contained in the record. It is important for our purpose here merely to identify the items. Evidence as to value of the items was completely contradictory in most instances, and this problem, if it arises, will have to be dealt with by the assessor mentioned below. . . .

There are a few items we treat of as being de minimus, and do not award to either party, such as sundry pots and pans, dishes, toilet paper, garbage pails, etc. We are loathe to sit in judgment in unpleasant matters such as this, and we will not waste the taxpayers' money investigating such insignificant matters. Certain other items are omitted because plaintiff failed to show they were in the house and taken by the wife.

It would be useless to enter into a detailed discussion of the testimony on both sides as to each and every item involved. Suffice it to say that plaintiff's testimony

was, for the most part, straight-forward and convincing, while that of defendant Violet Rapkin was often most evasive, and was contradicted by her testimony in other litigation between the parties.

Since either party has the right to possession of property held as tenants by the entireties, we cannot order the items in schedule A to be awarded to either husband or wife; but under the Act of May 17, 1949, P. L. 1394, 68 PS §501, whenever any husband and wife acquire property as tenants by the entireties, and are subsequently divorced, they thereafter hold such property as tenants in common of equal one-half shares in value, and either one of them may bring an action under this act to have the property sold and the proceeds divided. Thus, if the parties herein cannot agree to an amicable distribution of the property contained in schedule A, either one may resort to the above remedy.

As to the items described in schedule B defendants herein are ordered and directed to return these items to plaintiff or to pay over to him the fair money value of all items not returned. If the parties cannot agree to a valuation of any such items, this court, upon motion of any party, will appoint an assessor to determine the value of such items as of the date of the taking, November 13, 1950. The costs of any such proceeding shall be paid by defendants, Violet Rapkin, Jack Israel and Lillian Israel.

The items described in schedule C are the sole property of the wife, and plaintiff's prayer as to these items is denied.

The costs of this proceeding are to be paid by defendants.

### Conclusions of Law

The chancellor draws the following conclusions of law:

1. Plaintiff is not barred from prosecuting his com-

plaint in equity by reason of the Married Women's Property Acts, since this is an action to recover his separate property.

2. There is a presumption that household goods in the joint possession of a husband and wife who live together belong to the husband, and the burden is on the wife to show in what manner she acquired ownership of any property she claims, unless both spouses claim sole ownership, in which case the presumption does not apply, and ownership is a question of fact.

3. Wedding gifts not of a personal nature are held by the husband and wife as tenants by the entireties.

4. Wedding gifts of a personal nature and given as such are the property of the one to whom given.

5. The items listed in schedule A of the discussion were held by plaintiff and defendant Violet Rapkin as tenants by the entireties at the time of the taking, November 13, 1950.

6. The items listed in schedule B of the discussion are the separate property of plaintiff, and defendants hold same illegally and without right.

7. The items listed in schedule C of the discussion are the separate property of defendant Violet Rapkin, and are properly in her possession.

8. Defendant Violet Rapkin was not entitled to and had no legal right to remove the items described in schedule B of the discussion.

9. Defendant Violet Rapkin has the right to possession of the articles listed in schedule A, subject to the rights of plaintiff in these items according to the Act of May 17, 1949, P. L. 1394, 68 PS §501.

10. Defendants Lillian Israel and Jack Israel are also liable to plaintiff for the illegal removal of the items described in schedule B, having aided and abetted in the improper taking of same.

11. Without regard to the presumption that ownership of household goods is in the husband, the evidence

establishes that the items described in schedule A were held as tenants by the entireties, the items described in schedule B are the property of plaintiff, and the items described in schedule C are the property of defendant Violet Rapkin.

## Decree Nisi

And now, to wit, December 17, 1953, it is ordered, adjudged and decreed as follows:

1. The items listed in schedule A of the discussion were held by plaintiff and defendant Violet Rapkin as tenants by the entireties at the time of taking, November 13, 1950.

2. The items listed in schedule A are properly in the possession of defendant Violet Rapkin, as a tenant in common, subject to the rights of cotenant plaintiff in these goods under the Act of May 17, 1949, P. L. 1394, 68 PS §501, including the right to have the property sold and the proceeds divided.

3. The items listed in schedule B of the discussion are the sole and separate property of plaintiff, and defendants hold these items illegally and without right.

4. Defendants are ordered and directed to return these items listed in schedule B to plaintiff, or to pay over to him the fair money value of those items not returned. If the parties cannot agree upon a valuation of any items that may not be returned to plaintiff, this court, upon motion of any party within two months from the date of this decree, will appoint an assessor to determine the fair money value of such items as of the date of taking, November 13, 1950. The costs of any such proceeding shall be paid by defendants, Violet Rapkin, Jack Israel and Lillian Israel.

5. The items listed in schedule C of the discussion are the sole and separate property of defendant Violet Rapkin and plaintiff has no legal or equitable interest therein.

6. Defendants are directed to pay the costs of these proceedings.

The prothonotary will enter this decree nisi and give notice to the parties, or their counsel of record, of the entry of this decree and, if no exceptions thereto are filed within 20 days from date thereof, the decree nisi shall be entered as the final decree, by the prothonotary, as of course.