## Dura Seal Products Co., Inc., Appellant, *v.* Carver.

Submitted March 20, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

426 

 Before Bon-
nelly, J.

*Bertram U. Weinberg,* for appellant.

*Bernard R. Cohn,* for appellee.

Opinion by Woodside, J., June 19, 1958:

This is an appeal from the Municipal Court of Philadelphia which, after refusing the judgment creditor's motion for a new trial, entered judgment in favor of the claimants, Jack Carver and his wife, Edith, in whose favor a jury had found in a sheriff's interpleader. Appellant had issued execution on a judgment against the husband, and levied upon the furniture which was being used by the husband and wife in the house in which they both resided. The case was here before, when we affirmed the granting of a new trial, and in our opinion set forth additional facts not necessary to the determination of the matter before us.

There is only one question involved in this appeal. When a husband and wife reside together in the same house, is there a presumption that title to the household goods and furnishings used by them is in the husband, or is there a presumption that title is in the husband and wife by entireties?

It has long been settled by the Appellate Courts of this Commonwealth that where a husband and wife live in the same house, ownership of personal property in possession of both is presumed to be in the husband. *Rhoads v. Gordon,* 38 Pa. 277 (1861) ; *Kauffman v. Stenger,* 151 Pa. Superior Ct. 313, 316, 30 A. 2d 239 (1943) ; *Chadwick Estate,* 154 Pa. Superior Ct. 157,

160, 35 A. 2d 582 (1944); *Matheny's Estate,* 164 Pa. Superior Ct. 18, 22, 63 A. 2d 477 (1949); *Schwartz Estate,* 166 Pa. Superior Ct. 459, 462, 71 A. 2d 831 (1950).

In the *Schwartz* case Judge, now Justice, ARNOLD speaking for the Court said, The rule "was based upon the duty of a husband to provide his wife with a home, which, of course, means household goods and not merely roof and walls. This duty of the husband is unaffected by the married women's property acts." In that case the Superior Court reversed the lower court which through Judge LADNER questioned this rule, and followed *McCarter's Estate,* 36 D. & C. 625 (1939), instead of the pronouncements of this Court in the *Chadwick* and *Matheny* cases, supra.

In *Fine v. Fine,* 366 Pa. 227, 77 A. 2d 436 (1951), in an opinion by the late Justice ALLEN M. STEARNE the rule was questioned by the Supreme Court but the above Superior Court cases were not overruled as the Supreme Court did not pass directly on the rule stated in them.

In *King Estate,* 387 Pa. 119, 127, 126 A. 2d 463 (1956), the Supreme Court said: "Where furniture is contained, at the death of a husband, in a house or apartment which was then or formerly owned or rented by him, the ancient presumption still prevails—notwithstanding the doubt expressed in Fine v. Fine, 366 Pa. 227, 77 A. 2d 436—that he is the owner of such furniture. Schwartz Estate, 166 Pa. Superior Ct. 459, 71 A. 2d 831; Chadwick Estate, 154 Pa. Superior Ct. 157, 35 A. 2d 582, Matheny Estate, 164 Pa. Superior Ct. 18, 63 A. 2d 477. A wife can overcome this presumption by evidence that she paid for or inherited the furniture, or acquired it by gift, or that they jointly paid for it, or by any other evidence sufficient to prove ownership."

Although in the case before us title to the real estate in which the household goods were located was in the wife, and in the *King* case it was in the husband and his sister, we think that the Supreme Court intends the above presumption to be applied, as it has been in the past, whenever the husband and wife are living together and jointly using the household goods.

In the case now before us the trial judge quoted from, and followed the rule expressed in, the lower court opinion of Judge LADNER in the *Schwartz* case, supra, which as we have stated, was reversed by this Court, and more recently rejected by the Supreme Court in *King Estate,* supra.

The trial judge submitted the case to the jury with the instruction that where a husband and wife are living together and jointly using household furniture there is a presumption that title is held by the two in entireties. He stated "If you live in the home and things have come into the home from time to time, and are used by both parties, then it is property owned by the Entireties." He *affirmed* claimant's points 1 and 4 which were as follows: "No. 1—There is no exclusive possession of the personal property levied on by the Sheriff in this case, the property is in the joint possession of the husband and wife living together and the furniture so possessed was intended for the use and benefit of both, and in the absence of proof to the contrary a fair presumption arises, that title was in both husband and wife and such title would be by the Entireties. No. 4—The Defendants in our opinion have failed to overcome the presumption that these household goods were held as tenants by the Entireties, which requires, clear, strong and unmistakable evidence, and no such evidence was produced before the Court." He *refused* the judgment creditor's point 4 which was as follows: "No. 4—Where the

husband and wife reside in the same home, ownership of personal property so acquired and in possession of both is presumed to be in the husband."

The jury could have found that the evidence overcame the presumption that title to the household goods levied upon was in the husband, and it may well be, as the lower court said in its opinion, "no matter how many times the case may be tried, the result will inevitably be the same." Nevertheless, in a case like this, the presumption of title is extremely important to the parties, and the judgment creditor is entitled to a correct charge to the jury on this important point.

Judgment reversed and new trial granted.