## Kincaid Estate

*Roger M. Brown,* for accountant.

*Frank B. Quinn* and *John M. Quinn,* for exceptant.

ROBERTS, P. J August 20, 1958.—Decedent died intestate November 27, 1956, in London, England, survived by his widow and two adult children. Letters of administration were duly issued to decedent's widow on March 8, 1957. Her first and final account, showing a balance for distribution of $66,237.75, is before the court for audit. Decedent's son filed exceptions to the adjudication dated June 6, 1958. Exceptant contends that the sum of money, about $2,100 after expenses, which the widow received following the death of her husband for relinquishing possession of the apartment in London, which she and decedent had occupied since 1953, is an asset of the estate.

The evidence discloses that because of the housing shortage in London the widow was able to secure approximately $5,600 from a prospective successor tenant for making possession of that apartment available shortly after the death of decedent rather than at the expiration of the lease 18 months later. This transaction took place in London, England, prior to the widow's return to this county and her subsequent appointment as an administratrix of her husband's es-

tate. Included in the transaction, in addition to immediate possession of the apartment, was the transfer of certain household items (as well as some additional household goods which she brought with her from her home in Corry and some which she purchased while in London), which the widow and decedent acquired when they negotiated a similar transaction with the previous tenant to vacate the premises for their occupancy. The funds used for payment to the previous tenant came from the joint bank account created by deposits from their separate salaries.

Exceptant strongly urges that Dura Seal Products Co., Inc., v. Carver, 186 Pa. Superior Ct. 425, governs the instant situation and compels the conclusion that the London apartment proceeds are part of decedent's estate. With this contention we cannot agree. While it is the law, as recently reaffirmed in the Dura case, that where a husband and wife live in the same house or apartment, ownership of the personal property in possession of both is presumed to be in the husband, that presumption, however, may be overcome by the wife by evidence " ' . . . that she paid for or inherited the furniture, or acquired it by gift, or that they jointly paid for it, or by any other evidence sufficient to prove ownership' ": Dura Seal Products Co., Inc., v. Carver, supra, 427.

We are clearly of the opinion that there is sufficient convincing evidence in the record to establish that possession of the apartment, and its contents, was paid for by the joint funds of decedent and his widow. The presumption of title in the husband is here overcome by uncontradicted evidence and it must be concluded that ownership was in decedent and his wife by the entireties and passed to the wife upon her husband's death.

We need not, however, rest our determination solely on the application of the above presumption of owner-

ship. Careful examination of all the circumstances attending the production of the fund in controversy, convinces us that no interest or asset of decedent's estate created the fund, nor may the estate now successfully claim any portion of the proceeds. The evidence clearly establishes that the widow individually was paid for vacating the apartment before the expiration of the lease so that the successor tenant might negotiate a new lease with the landlord for immediate possession of the premises.

Had the widow elected to occupy the apartment until the expiration of the lease, certainly no party to this proceeding could have successfully challenged her right to do so. In that event the circumstance which produced the fund would have been nonexistent and the estate would have had no enforceable claim concerning the apartment. Under normal conditions the estate might have had an obligation to pay the rental for the balance of the lease period, in the absence of a provision to the contrary. It was only because of the shortage of apartment facilities that the estate was not faced with this obligation. It was this condition that placed the widow in the position to be compensated for promptly vacating the apartment. She was paid by the apartment seeker for giving up her personal right to remain in possession of the apartment. What she received was payment for whatever right she individually may have had in the continued occupancy of the apartment, it was in no sense for the surrender or sale of an estate asset or interest. At the time the transaction was consummated the widow had not yet been appointed administratrix and she, of course, lacked authority to act for the estate. The evidence indicates that the widow in this instance acted solely in her individual behalf and was compensated in that capacity. The estate has no valid claim to such proceeds.