## Friedrich Estate

*Roland J. Christy*, for accountant.
*Edward J. Hardiman*, for claimant.

TAXIS, P. J., July 12, 1961.—John Friedrich, Sr., died testate August 20, 1960, survived by his wife, Elizabeth Friedrich. Decedent bequeathed to his wife

the sum of $1,000 and his diamond ring. The surviving spouse elected to take against the will.

On April 5, 1961, the widow's attorney sent a registered mail letter to the attorney representing the executor, claiming the family exemption on behalf of his client. On April 9, 1961, the widow died suddenly. There was no other demand for the family exemption. The sufficiency of the claim made is questioned, and the issue presented to this court is whether a demand by the lawyer for the widow on the lawyer for the executor is sufficient claim for the family exemption.

Section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, provides for the family exemption. The proper party may "retain or claim" property as an exemption. Neither the Fiduciaries Act nor the procedural rules specify what constitutes a "claim." Our rule 121.3($a$), regarding notice required when the family exemption is claimed without petition, states that ". . . no notice other than that to the personal representative need be given of the claim for exemption."

"The policy of the law is to treat widows with every consideration of fairness and generosity; and her widow's exemption is not to be defeated by her failure to adhere to any technical or formal procedure as to demand or the presentation of her claim for personalty to the executor or administrator. No specific form of such demand is required; it may be oral (*Cochran's Estate*, 28 Pa. Dist. R. 654, Gest, J.). . . . Exemption acts have been conceived in a spirit favorable to widows, and have received an interpretation consistent with their conception; and the statutory exemption is a preferred claim or gift of law prompted by consideration of public policy": Murray Estate, 158 Pa. Superior Ct. 504, 509.

Although, as stated in Murray Estate, no technical or formal procedure is specified, courts have ruled

that certain acts do not constitute a claim for family exemption. Thus, the mere deduction of the amount of the exemption in the affidavit filed for inheritance tax purposes is not a claim sufficient to meet the requirements of the act: Wraught Estate, 347 Pa. 165; Stokes Estate, 167 Pa. Superior Ct. 128; Schwartz Estate, 166 Pa. Superior Ct. 459. Furthermore, the demand or presentation of the claim cannot be made after the death of the widow by her personal representative: Machemer's Estate, 140 Pa. 544; Matheny Estate, 164 Pa. Superior Ct. 18; Bell's Estate, 139 Pa. Superior Ct. 11.

These cases are inapplicable, for they are concerned with the proper time for claiming the family exemption rather than the proper manner. In the present case, there is no question concerning the propriety of the time of the claim, nor that the widow in all other respects was entitled thereto; it is simply the manner which is questioned. Accountant takes the position that the widow must make the claim herself and not through her counsel.

The estate has cited Torstenson's Estate, 3 Pa. C. C. 13, in support of their contention that the demand made upon the executor's counsel was not sufficient. Torstenson's Estate held that a demand made by counsel for the widow upon counsel for the executor for the exemption provided by the Act of April 14, 1851, and not communicated to the executor, was not sufficient under that act. The case is distinguishable, however, because of a critical difference between the Act of April 14, 1851, and the Fiduciaries Act of 1949. The Act of April 14, 1851, P. L. 612, provides that the widow "may retain either real or personal property belonging to said estate"; section 211 of The Fiduciaries Act of 1949 provides that the widow "may retain or claim as an exemption . . . either real or personal property." The addition of the word "claim" was made

for the first time in the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 12(*a*). The addition of the word "claim" diminishes Torstenson's Estate.

Indeed, in Rodkey's Est., 84 Pitts. L. J. 116, written notification from counsel for the widow to counsel for the executors that the widow claimed an exemption was held to be sufficient notice.

Generally, any act other than verification required or authorized by law may be done through an attorney. See Rule 1002, Pennsylvania Rules of Civil Procedure. The notice to the accountant's attorney also was proper. Accordingly, the demand by the lawyer for the widow on the lawyer for the executor claiming the family exemption was sufficient claim under section 211 of the Fiduciaries Act of April 18, 1949. The claim for family exemption in the amount of $1,000 is allowed. . . .