## Mulligan Estate.

Submitted May 3, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused September 15, 1967.

*George E. Beechwood* and *Louis H. Levitt,* for appellant.

*Frank J. Eustace, Jr.* and *Albert J. Taylor,* for appellee.

*Alexander Schamban,* appellee, in propria persona.

OPINION BY MR. CHIEF JUSTICE BELL, June 30, 1967:
This is an appeal from the Decree of the Orphans' Court of Philadelphia County which had dismissed appellant's petition to compel the executor of her mother's will to file an account.

Mary D. Mulligan, who was appellant's mother died July 19, 1955. Her duplicate original will dated 1953 was admitted to probate on April 24, *1956.*\* In June of *1965,* almost 10 years after her mother's death, appellant filed this petition for citation directed to the remaining executor of her mother's will to show cause why he should not file an account of his administration of her mother's estate.\*\* An answer was filed by the executor and a master was appointed to hear testimony in order to determine if an account should be filed. On February 24, 1966, the master filed his report recommending that the Orphans' Court dismiss the petition for an accounting. The lower Court adopted the master's findings of fact and conclusions of law and dismissed appellant's petition.

Appellant's reason for demanding an accounting and her principal contention in the lower Court was her claim that under Items 7 and 8 of her mother's will she was entitled to a one-third share of the linens and a one-sixth share of all furnishings, glassware, glass tumblers,

---

\* Mrs. Mulligan's original will was later discovered and lodged with the Register of Wills in 1965.

\*\* Mrs. Mulligan's estate had been amicably settled and distributed some time after her death.

etc., which she alleged belonged to her mother.* In order for appellant to successfully claim ownership in these various household goods, it was incumbent upon her to prove that title thereto was vested in her mother at the time of her death, and this she failed to do.

It is well-settled law that household furnishings contained in a house or apartment which was owned or rented by the husband are presumed to be the property of the husband.

In *King Estate*, 387 Pa. 119, 126 A. 2d 463, the Court aptly said (page 127-128): "Another question is here involved, namely, the ownership of the household furniture which was contained in an apartment occupied by Mr. and Mrs. King in a residence owned by decedent [King] and his sister. Where furniture is contained, at the death of a husband, in a house or apartment which was then or formerly owned or rented by him, the ancient presumption still prevails—notwithstanding the doubt expressed in Fine v. Fine, 366 Pa. 227, 77 A. 2d 436—that he is the owner of such furniture: Schwartz Estate, 166 Pa. Superior Ct. 459, 71 A. 2d 831; Chadwick Estate, 154 Pa. Superior Ct. 157, 35 A. 2d 852; Matheny Estate, 164 Pa. Superior Ct. 18, 63 A. 2d 477. A wife can overcome this presumption by evidence that she paid for or inherited the furniture, or acquired it by gift, or that they jointly paid for it, or by any other evidence sufficient to prove

---

* While appellant's brief raises questions of fraud, forgery and uncertainty of the probated record, it is unnecessary to pass upon these questions since her petition which was filed in the lower Court to show cause why an account should not be filed did not contest the validity of the will on these grounds and, therefore, such evidence was not offered at the hearing held before the master. We note, however, that the two subscribing witnesses to Mrs. Mulligan's original and duplicate original will testified that she had in fact signed both these documents in their presence.

ownership. Mrs. King's evidence was insufficient to overcome this presumption."

Not only was appellant's evidence insufficient to overcome the presumption, but an examination of the record in the instant case discloses (a) that testatrix's husband purchased all of the goods which appellant now claims passed to her under her mother's will, and (b) they never left his possession, and consequently the aforesaid presumption is irrefutably buttressed by the evidence.

Having disposed of the issue involved on its merits, we find it unnecessary to discuss the question of whether appellant is barred by laches.

We find no merit in any of appellant's contentions.

Decree affirmed, appellant to pay costs.